IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

PAUL KYLE CRESPIN,

    Plaintiff,

v.                                                             No. 22-cv-811-KG-KK

BERNALILLO COUNTY BOARD OF
COMMISSIONERS, CHIEF OF BERNALILLO
COUNTY METROPOLITAN DETENTION CENTER,

    Defendants.

## ORDER TO CLARIFY DEFENDANTS AND PROVIDE ADDRESSES

THIS MATTER is before the Court on Paul Kyle Crespin's *pro se* Third Amended Prisoner Complaint for Violation of Civil Rights, September 8, 2023 (Doc. 12) (the "Complaint"). Plaintiff is a pretrial detainee incarcerated in the Bernalillo County Metropolitan Detention Center ("MDC"). Crespin filed the Complaint after the Court dismissed his second and third amended complaints (Docs. 3 and 10) for failure to state a claim upon which relief could be granted, pursuant to 28 U.S.C. § 1915A and Fed. R. Civ. P. 12(b)(6) in a memorandum opinion and order entered August 15, 2023. (Doc. 11). Plaintiff claims that the conditions of confinement at MDC violate his rights guaranteed by the Eighth Amendment to the United States Constitution. Primarily, he claims that understaffing has caused ongoing lockdowns such that he is deprived of sufficient out of cell time for months at a time. (Doc. 12 at 1-2).

The present Complaint identifies a single defendant, Bernalillo County Board of Commissioners. (Doc. 12 at 1). However, from the body of the Complaint, it appears that Crespin may intend to state claims against Warden Richardson, Greg (last name unknown), and Warden

Jones, whom, Crespin alleges are "responsible" for failing to recruit and retain adequate numbers of staff. (See Doc. 12 at 1). Within thirty days of the entry of this Order, Crespin must clearly identify the individuals against whom he wishes to pursue claims, if any. If Crespin does not know the full name of an individual defendant, he may provide a description of them that is sufficient to identify them so process eventually can be served. *See Roper v. Grayson*, 81 F.3d 124, 126 (10th Cir. 1996) (recognizing that a plaintiff may "use unnamed defendants so long as [he] provides an adequate description of some kind which is sufficient to identify the person involved so process eventually can be served"). The Court may dismiss with prejudice Crespin's claims against any individuals or entities previously named as defendants or identified in the Complaint who are not identified in Crespin's response to this Order.

Additionally, within thirty days of the entry of this Order, Crespin must provide a current address for each Defendant, including the Bernalillo County Board of Commissioners, for the purpose of serving each Defendant a summons and a copy of the Complaint. *Washington v. Correia*, 549 F. App'x, 786, 789 (10th Cir. Nov. 26, 2013) ("[T]he onus [is] squarely on plaintiffs to track down the whereabouts of defendants to effectuate service—rather than obliging courts to assist in this endeavor—even when the plaintiffs are in prison.").

IT IS THEREFORE HEREBY ORDERED that:

Within thirty days of the entry of this Order, Crespin must:

(1) clearly identify each individual Defendant in this lawsuit.

(2) Provide a current address for each Defendant, including the Bernalillo County Board of Commissioners.

_____
UNITED STATES DISTRICT JUDGE